5660.   HANSFORD *v*. THE STATE.

RUSSELL, C. J.   1. An accusation charging a violation of the act prohibiting the carrying of pistols without a license (Acts of 1910, p. 134), is fatally defective when it does not allege that the accused carried the pistol or revolver without first having taken out a license from the ordinary of the county of his residence.

2. In upholding the act of 1910 above referred to, its provisions are to be given a reasonable construction (*Strickland* v. *State*, 137 *Ga.* 12, 72 S. E. 260); and since, in imposing a reasonable regulation upon the carrying of pistols, the manual possession of a pistol at one's home or place of business is not penalized by the statute, it is essential that an accusation charging a violation of this act shall affirmatively allege that the pistol was carried or was in the manual possession of the defendant "outside of his own home or place of business."

3. For the reasons stated above, the court erred in overruling the demurrer to the accusation; and since the subsequent proceedings in the trial were nugatory, it would be profitless to consider questions raised by exceptions to the admission of testimony, or to the charge of the court, not likely to recur upon a future investigation of the case.

*Judgment reversed.   Ròan, J., absent.*

DECIDED JULY 21, 1914.

Accusation of carrying pistol without license; from city court of Forsyth—Judge Cabaniss.  January 12, 1914.

The accusation charged that Fred Hansford "did on the second day of August, 1913, in Monroe County, Georgia, unlawfully have and carry a pistol without first having taken out a license to carry said pistol."  The accused demurred and moved to quash the accusation, on the following grounds:  (1) It charges no crime.  (2) It charges no violation of a penal statute of Georgia.  (3) It does not follow the statute and charge that the accused carried the pistol "without first taking out a license from the ordinary of the county in which the defendant resides."  (4) It does not allege that the pistol was carried around with the defendant, on his person, or that he had it "in his manual possession outside of his own home or place of business."

*Bloodworth & Bloodworth*, for plaintiff in error.

*J. M. Fletcher, solicitor,* contra.